UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 18-188-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TYLER JILG | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is a letter from the Defendant, Tyler Jilg ("Jilg"), in which he asks the Court to compel the Bureau of Prisons to award him credit for time served. Record Document 81. The Court understands that Jilg is requesting credit for time spent in federal custody prior to his sentencing. The Court writes to clarify the issue for the benefit of the Defendant and the Bureau of Prisons.

Jilg was indicted on July 13, 2018. At that time, he was in state custody. He was brought into federal custody on August 1, 2018. Record Documents 15 and 26. As best the Court can tell, Jilg remained in federal custody until his sentencing in this matter on March 11, 2019. At sentencing, the Court remarked that Jilg would be given credit for time spent in federal custody, which began on August 1, 2018. Record Documents 63, p. 2 and 66, p. 2. The Court's intent in making its remarks at sentencing and memorializing this intent in both the judgment and the minutes was to ensure that the Defendant received credit for the time he spent in custody while his federal charges were pending and while he was proceeding through the arraignment, guilty plea, and sentencing phases of the federal system.

The instant letter from Jilg suggests that his sentence has been incorrectly calculated. However, he has provided the Court with no information to substantiate that belief. Further, the Court notes that Jilg had several pending state charges at the time of sentencing, some of which were unrelated to the instant offense of conviction. And, Jilg was in state custody at the time he was brought into federal custody. The Court has no information on the outcome of the state charges, how much time Jilg was ordered to serve in prison on any particular state charge, or whether any state sentences were ordered to run concurrently or consecutively to his federal conviction. To the extent a state conviction arose from the same set of facts or circumstances which resulted in Jilg's federal conviction before this Court, then this Court poses no objection to the sentences running concurrently. However, if a state conviction is factually unrelated to Jilg's federal conviction, then the Court would suggest those sentences run consecutively.

In any event, the Court lacks the authority to order the Bureau of Prisons to calculate the Defendant's sentence in any certain manner. See United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992) ("the United States Supreme Court [has] held that § 3585(b) does not authorize a . . . court to compute credit for time spent in official detention at sentencing, but [rather,] credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing.") Thus, if the Defendant believes he is being improperly refused credit for time he has served in federal custody, he must pursue administrative review of his computations before seeking judicial review through a formal motion. See United States v. Setser, 607 F.3d

128, 133 (5th Cir. 2010).  Only after he has exhausted these administrative remedies may he pursue judicial review.  See id.

      **THUS DONE AND SIGNED** this 25th day of April, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE